IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS ANTOINE, a minor, by his mother, KELLIE ANTOINE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 11 CV 07380 |
| v. | )<br>) Judge Hart |
| POLICE OFFICER ROBERT STEGMILLER, POLICE OFFICER PABLO MARIANO, SERGEANT JOSE L. LOPEZ, POLICE OFFICER SEAN S. BRANDON, POLICE OFFICER KELLY A. MCBRIDE, POLICE OFFICER JUDITH CORTES, Individually, and CITY OF CHICAGO | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| VARNEY LOCKHEART, | )<br>) |
| Plaintiff, | ) Case No. 12 CV 0412 |
| v. | )<br>) Judge Hart |
| POLICE OFFICER ROBERT STEGMILLER, POLICE OFFICER PABLO MARIANO, SERGEANT JOSE L. LOPEZ, POLICE OFFICER SEAN S. BRANDON, POLICE OFFICER KELLY A. MCBRIDE, POLICE OFFICER JUDITH CORTES, Individually, and CITY OF CHICAGO, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **OPINION AND ORDER**

This case is before the court prior to trial to review the final Pretrial Order and the parties' motions and motions *in limine*.

**I.**

The parties disagree as to the Statement of Uncontested Facts. Plaintiffs contend that the jury should be informed that: "The charges with respect to Plaintiff Antoine were dismissed. The charges with respect to Plaintiff Lockheart proceeded to trial wherein he was found not guilty." However, the issue to be decided is false arrest. The relevant false arrest question is whether there was probable cause for the arrest, not whether the plaintiffs were actually innocent. *Gower v. Vercler*, 377 F.3d 661, 668-69 (7th Cir. 2004); **Simmons v. Mavens**, 2014 WL 2481125 *2 (N.D. Ill. June 2, 2014). Accordingly, the jury is not to be informed that in one case the charges were dismissed and in the other case the plaintiff was found not guilty.

**II.**

With respect to plaintiffs' motions *in limine*, the court rules as follows:

1. Arguments appealing to the jury as taxpayers are barred.

2. Evidence of prior bad acts and information not known to defendants at the time of the encounters with defendants is prohibited.

3. Character evidence with respect to defendant officers is precluded.

4. Except as to the arrest location, evidence of police officers' job risk is precluded.

5. Police officers may not wear medals in the courtroom, however, they may wear uniforms.

6. The motion to deny use of database material is denied. However, any such material utilized must be shared with the plaintiffs.

7. Arrest records of plaintiffs or witnesses may not be introduced.

8. No references to other crimes in the arrest area may be made.

### III.

With respect to defendants' motions *in limine*, the court rules as follows:

1. Argument of trial delay is barred.

2. Argument or inquiry about the likely amount of an award is barred.

3. Discussion of discovery matters is precluded.

4. Witnesses, other than the parties, are excluded.

5. Conferring with witnesses who are being cross-examined is prohibited.

6. Compensation of witnesses who are City employees is precluded.

7. Undisclosed witnesses shall not be called.

8. References shall not be made to police misconduct reported in the media.

9. Reference shall not be made to a "Code of Silence," conspiracy, personal relationships, training deficiency, or police department orders.

10. Evidence regarding the disposition of the underlying criminal cases is not admissible.

All other matters referred to in the motions *in limine* are reserved for consideration at trial.

IT IS THEREFORE ORDERED that:

(1) In 11 C 7380, plaintiff's motions in limine [69] are granted in part, denied in part, and reserved in part. Defendants' motions in limine [70] are granted in part, denied in part, and reserved in part.

(2) In 12 C 412, plaintiff's motions in limine are granted in part, denied in part, and reserved in part. Defendants' motions in limine [64] are granted in part, denied in part, and reserved in part.

(3) A status hearing is set for January 14, 2016 at 2:00 p.m., at which a date for trial will be set.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 8, 2015